**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LAWRENCE M. EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-1077 RLW |
| | ) |
| TOM VILLMER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). After review, the Court finds that the complaint should be partially dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff brings this action against several officials at the Farmington Correctional Center (FCC) and the Eastern Reception Diagnostic and Correctional Center (ERDCC). Plaintiff brings causes of action for retaliation, denial of access to the courts, and denial of equal protection of the law.

Plaintiff alleges that, while he was confined in the Farmington Correctional Center (FCC), defendants Wendy Dasher and Tom Baxley retaliated against him for filing grievances against him by issuing false conduct violations, assigning him to a housing unit for aggressive and intimidating inmates, taking away his privileges, and placing him in administrative segregation.

Plaintiff says defendants Dasher and James Ford retaliated against him by firing him from his dorm worker job and assigning him to main production. Plaintiff had a medical lay-in for light work because he has partial paralysis. Plaintiff claims a nurse told Ford to return plaintiff to his dorm worker job because of his lay-in but that Ford refused to do so. He says Ford barred him from talking to the grievance officer by issuing a false conduct violation against him and taking his personal property, for which he had a receipt.

Plaintiff says defendant Julie Smith held a classification hearing and kept him in administrative segregation for an unspecified period of time. His retaliation claims against her are entirely conclusory.

On March 12, 2015, plaintiff got married. During the ceremony, defendant Astra Parker took a camera away from an inmate and "took unwanted pictures of Plaintiff's wedding ceremony." The photos were not released to him for some time, but plaintiff got them at some point and attached copies of them as exhibits to the complaint.

Plaintiff alleges that Parker issued a false conduct violation against him for being argumentative with prison staff. He says defendant James Bezner assigned him to administrative segregation as a result. His retaliation claims related to these incidents are conclusory.

Plaintiff was informed by defendant Bill Boyer that plaintiff's wife could not visit both him and his brother at the same time. He says this is contrary to prison policy.

In August 2015, plaintiff and his attorney were attempting to have him transferred to another facility. Plaintiff alleges that defendants Leslie Semar and Robert Gould wanted him to sign an enemy waiver. These allegations are incoherent, however. Plaintiff told them he could not attend the Missouri Sexual Offender Program (MOSOP) at the Eastern Reception Diagnostic and Correctional Center, although he later attended MOSOP there. Plaintiff elected to stay at FCC to attend MOSOP.

On September 17, 2015, plaintiff was reclassified as a non-aggressive offender. On October 1, 2015, defendants Gould and Michael White told plaintiff he would be transferred to ERDCC to attend MOSOP. However, on October 13, 2015, he was transferred to the Moberly Correctional Center (MCC).

Plaintiff says he was supposed to start MOSOP on October 23, 2015, and he claims he missed that date because of his transfer to MCC. He alleges that, as a result, he lost his February 2017 conditional release date.

On December 8, 2015, plaintiff was transferred to ERDCC. Plaintiff wrote to defendant White about his placement in MOSOP. Plaintiff claims White told him he could not attend MOSOP at ERDCC and that he needed to sign an enemy waiver.

Plaintiff was asked if he wanted to complete MOSOP at ERDCC or FCC, and plaintiff elected to do it at ERDCC. He was told that he could not participate in Phase II of the program

until he was within twelve months of his August 23, 2019. He claims that he was treated differently than other sex offenders. He complained to several officials about it, but they all told him the same thing. His allegations regarding discrimination on this claim are conclusory.

**Discussion**

The Court will allow plaintiff's retaliation claims against defendants Wendy Dasher, Tom Baxley, and James Ford to proceed at this time. So, the Court will order the Clerk to serve these defendants with process.

Plaintiff's claims against defendant Julie Smith must be dismissed because they are no more than legal conclusions and do not state facts, which if proved, would entitle him to relief.

Plaintiff's claims against defendants Astra Parker and James Bezner must be dismissed because they are conclusory and do not rise to the level of a constitutional violation.

Plaintiff's claim against defendant Bill Boyer for not allowing both he and his brother to visit with plaintiff's wife at the same time do not rise to the level of a constitutional violation. "[F]reedom of association is among the rights least compatible with incarceration," and some curtailment of that freedom must be expected in the prison context. *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). Plaintiff does not allege that he or his brother were not allowed to visit with plaintiff's wife. Therefore, his limited right to visitation was not violated.

Plaintiff's claims against defendants Leslie Semar and Robert Gould are incoherent and do not state a plausible claim under § 1983. Moreover, plaintiff's claims against Gould and White with regard to his placement in MOSOP are frivolous. Plaintiff does not have a constitutional right to attend the program or to conditional release. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or

until he was within twelve months of his August 23, 2019. He claims that he was treated differently than other sex offenders. He complained to several officials about it, but they all told him the same thing. His allegations regarding discrimination on this claim are conclusory.

**Discussion**

The Court will allow plaintiff's retaliation claims against defendants Wendy Dasher, Tom Baxley, and James Ford to proceed at this time. So, the Court will order the Clerk to serve these defendants with process.

Plaintiff's claims against defendant Julie Smith must be dismissed because they are no more than legal conclusions and do not state facts, which if proved, would entitle him to relief.

Plaintiff's claims against defendants Astra Parker and James Bezner must be dismissed because they are conclusory and do not rise to the level of a constitutional violation.

Plaintiff's claim against defendant Bill Boyer for not allowing both he and his brother to visit with plaintiff's wife at the same time do not rise to the level of a constitutional violation. "[F]reedom of association is among the rights least compatible with incarceration," and some curtailment of that freedom must be expected in the prison context. *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). Plaintiff does not allege that he or his brother were not allowed to visit with plaintiff's wife. Therefore, his limited right to visitation was not violated.

Plaintiff's claims against defendants Leslie Semar and Robert Gould are incoherent and do not state a plausible claim under § 1983. Moreover, plaintiff's claims against Gould and White with regard to his placement in MOSOP are frivolous. Plaintiff does not have a constitutional right to attend the program or to conditional release. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or

inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

Plaintiff's allegation that defendant Parker took unwanted photos of his wedding ceremony do not rise to the level of a constitutional violation. And his claim that defendant Amanda Rehkup did not immediately release his wedding photos to him does not state a plausible claim for relief. *See Clark v. Kansas City Missouri School Dist.*, 375 F.3d 698, 703 (8th Cir. 2004) (no due process violation cognizable under § 1983 because Missouri provides adequate postdeprivation remedy of replevin).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). There are no allegations showing that defendants Tom Villmer or Bill Bowyer were responsible for any harm to plaintiff. Therefore, these defendants will be dismissed.

A plaintiff must "allege and prove something more than different treatment by government officials" to state an equal protection claim. *Batra v. Bd. of Regents of Univ. of Nebraska*, 79 F.3d 717, 721 (8th Cir. 1996). "[T]he key requirement is that plaintiff allege and prove unlawful, purposeful discrimination." *Id.* at 722; *see Albright v. Oliver*, 975 F.2d 343, 348 (7th Cir.1992) ("you must be singled out because of your membership in the class, and not just be the random victim of governmental incompetence"), *aff'd on other grounds*, 510 U.S. 266

5

(1994); *Booher v. United States Postal Serv.*, 843 F.2d 943, 944 (6th Cir.1988) ("[t]he equal protection concept does not duplicate common law tort liability by conflating all persons not injured into a preferred class"); *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986) ("[t]he equal protection argument fails here because the wrong is not alleged to be directed toward an individual as a member of a class or group singled out for discriminatory treatment"). Plaintiff's claim that he was treated differently than other sex offenders does not show that he was discriminated because of his membership in a protected class. Therefore, the claim is dismissed.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has not alleged that he suffered any legal injury. As a result, this claim is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on defendants Wendy Dasher, Tom Baxley, and James Ford.

**IT IS FURTHER ORDERED** that defendants Tom Villmer, Bill Bowyer, Julie Smith, Amanda Rehkup, James Bezner, Leslie Semar, Astra Parker, Robert Gould, and Mike White are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's equal protection and access-to-the-courts claims are **DISMISSED**.

An Order of Partial Dismissal will be filed separately.

Dated this 31st day of August, 2016.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE