# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE M. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1077 RLW |
| | ) | |
| TOM VILLMER, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Tom Baxley's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is granted.

### Standard

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to plaintiff. *Gregory v. Dillard's*, 494 F.3d 694, 709 (8th Cir. 2007). The Federal Rules do not require great precision in pleadings. *Id.* at 710. "The simplified notice pleading standard under Fed. R. Civ. P. 8(a) requires only a statement that gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (quotations omitted). However, the factual allegations in the complaint must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Gregory*, 494 F.3d at 710. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## Background

Plaintiff brings this action under 42 U.S.C. § 1983. He claims that Baxley, a Corrections Case Manager II, falsified information in his Adult Internal Risk Assessment in order to reclassify him as a violent offender. His exhibits show that the Assessment was modified after defendant Wendy Dashner conducted an investigation and concluded that plaintiff had threatened an inmate and harassed the inmate's mother. He filed a grievance with regard to the incident, claiming that the reclassification was retaliatory.

Baxley moves to dismiss on the basis that there are no allegations in the complaint showing that he conducted the Assessment after plaintiff engaged in activity protected by the First Amendment. He further contends that he is entitled to qualified immunity and that the official-capacity claims are barred by the Eleventh Amendment.

## Discussion

To succeed on his § 1983 retaliation claim, plaintiff must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against him that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004), *cert. denied*, 546 U.S. 860 (2005).

In this case, plaintiff did not allege that he filed a grievance or engaged in other protected activity before Baxley conducted the Assessment. As a result, his allegations against Baxley fail to state a claim upon which relief can be granted.

Furthermore, defendant is entitled to qualified immunity. Qualified immunity protects state actors from liability under § 1983 unless the plaintiff shows both that the official violated a constitutional right and that the right was "'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). In this case, plaintiff has failed to

2

show either the violation of a constitutional right or that he had a clearly established right not to be classified as a violent offender. So, defendant is entitled to immunity.

Finally, the Court agrees that plaintiff's official-capacity claims are barred by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Tom Baxley's motion to dismiss is **GRANTED**. (Doc. No. 36)

An Order of Partial Dismissal will be filed separately.

Dated this 14th day of February, 2017.

　　　　　　　　　　　　　　　　　　　*Ronnie L. White*
　　　　　　　　　　　　　　　　　　　RONNIE L. WHITE
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE