# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE M. EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16CV1077 RLW |
| ) | |
| TOM VILLMER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on various pro se motions. These matters are fully briefed and ready for disposition.

**I.   Pro Se Subpoenas**

In his first Motion for Subpoenas (ECF No. 56), Edwards seeks blank subpoenas Duces Tecum directed to (1) State Senator Jamilah Nasheed for District 5, (2) Jason L. Groce, Chief of Staff for Senator Nasheed. Edwards claims that Nasheed and Groce are in the possession of affidavits from numerous offenders who witnessed Edwards being harassed and assaulted by another offender.

In his second Motion for Subpoenas (ECF No. 57), Edwards seeks blank subpoenas Deuces Tecum directed to (1) Meagan Siebe, (2) Blake Lawrence, (3) LaShanda Williams, (4) COI Robinson (African-American male), and (5) the Attorney General's Office for document production. Edwards claims that these individuals were employed at the Farmington Corrections Center between 2013 and 2015. Edwards claims that these individuals have information related

1

to the "facts of this claim" and information regarding actions "to retaliate against and harass Plaintiff". (ECF No. 57 at 1-2).

The Court has the "discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings." *Manning v. Lockhart,* 623 F.2d 536, 539 (8th Cir.1980) (per curiam). "This power should be exercised to protect the resources of the Court and the Marshals Service, and to prevent harassment and undue expense of other parties and non-parties." *Stockdale v. Stockdale*, No. 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009) (citing *Lloyd v. McKendree,* 749 F.2d 705, 707 (11th Cir. 1985)).

"Courts exercising inherent supervisory power over in forma pauperis subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case." *Stockdale*, 2009 WL 4030758, at *1 (citing *Jackson v. Brinker,* 1992 WL 404537, at *6 (S.D. Ind. Dec. 21, 1992); *Tuvalu v. Woodford,* 2006 WL 3201096, at *5 (E.D.Cal. Nov. 2, 2006) ("[A] party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1)[.]" "When reviewing subpoenas duces tecum directed to non-parties, a court should also examine issues related to the expected compliance costs in light of Rule 45(c)(2)(B)'s provision that non-parties be protected against significant expense." *Stockdale*, 2009 WL 4030758, at *1 (citing *Jackson,* 1992 WL 404537, at *5).

> If a court finds that an indigent party's requests for issuance and service of subpoenae *duces tecum* directed to a non-party is frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process, the court may relieve the Marshals Service of its duty under § 1915(c) to serve the subpoenae.

*Jackson*, 1992 WL 404537, at *7.

Edwards has submitted various subpoena duces tecum, but a review of these requests shows that they are not specific enough for the Court to allow them to proceed. Edwards has not identified the specific information sought from each deponent and how that information relates directly to his cause of action. Rather, Edwards has asserted in generic, conclusory claims of what these individuals will testify to and produce documents. Therefore, the Court denies Edwards' Motions for Subpoena Duces Tecum (ECF No. 56, 57) without prejudice.[1] Edwards may refile his requests for subpoena duces tecum, but must provide the Court with the specific information that each individual will provide and how that information relates to his causes of action.

## II. Motion to Appoint Counsel

Edwards filed a Motion for Appointment of Counsel (ECF No. 59). There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief, whether the plaintiff will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the plaintiff's allegations, and whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

---

[1] In a later motion, the Court allows discovery to proceed as to Mr. Groce.

After considering Edwards' Motion for Appointment of Counsel, in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings filed by Edwards, indicate that he is capable of presenting the facts and legal issues without the assistance of counsel. Edwards' Motion for Appointment of Counsel will therefore be denied.

### III. Initial Disclosures

Edwards has filed a Motion Requesting Initial Disclosure from Opposing Counsel before Filing a Motion to Compel (ECF No. 63) and a Motion Requesting Initial Disclosure from Defendants Dashner and Defendant Ford (ECF No. 64).

Defendants sent their Rule 26(a)(1) Initial Disclosures to Plaintiff on March 17, 2017, and resent the Initial Disclosures after receiving Edwards' Motions. (ECF Nos. 65, 66). Therefore, the Court denies Edwards' Motions Requesting Initial Disclosures.

### IV. Motion for Final Request [for] Full Disclosure List (ECF No. 68) and Motion for Leave to File 25 More Request for Admissions, Interrogatories, and Production of Documents (ECF No. 67)

In Edwards' Motion for Final Request [for] Full Disclosure List, he claims that Defendants did not provide him with several documents, including reports, memoranda, IOCs, Investigative Reports from Warden Villmer and Asst. Warden Boyer, telephone transcripts of calls with DeJuan Sumpter's mother. (ECF No. 68 at 1). Edwards also asks for leave to file 25 more requests for admissions, interrogatories, and requests for production of documents. (ECF No. 67).

In response, Defendants note that they provided their Rule 26 (a)(1) Initial Disclosures to Edwards. (ECF No. 69, ¶¶1, 2). Defendants also state that they provided Defendant Dashner's Answers and Objections to Plaintiffs' Request for Admissions; Defendant Dashner's Answers and

Objections to Plaintiff's Second Request for Admissions; Defendant Ford's Answers and Objections to Plaintiff's Requests for Admissions; and Defendant Ford's Answers and Objections to Plaintiff's Second Request for Admissions on March 28, 2017. (ECF No. 69, ¶4). On April 6, 2017, Defendants mailed their responses to Plaintiff's Second Interrogatories to Defendants Dasher and Ford. (ECF No. 74, ¶3). Defendants received Plaintiff's Second Request for Second Set of Production of Documents on March 13, 2017; Plaintiff's Third Request for Production of Documents on March 31, 2017; and Plaintiff's Request For Production of Documents and Discovery Second Set of Production of Documents and Discovery on April 3, 2017. (ECF No. 74, ¶4).[2] Therefore, Defendants claim that they owe no outstanding discovery responses to Edwards. Defendants also note that Edwards has propounded seventy-nine requests for production. (ECF No. 74, ¶4). Defendants claim that Edwards has not demonstrated good cause to increase the number of discovery requests and that Edwards' requests attempt to broaden the scope of discovery to matters beyond his allegations that Defendants retaliated against him. (ECF No. 74, ¶¶5, 6).

The Court holds that, based upon the evidence before the Court, Defendants have responded to Edwards' discovery requests. Edwards identifies documents he wants, but fails to establish where he requested those documents. Edwards must outline the specific request that corresponds to the documents he claims Defendants did not produce. Therefore, the Court denies, without prejudice Edwards' Motions for Disclosure.

Further, a party must show "good cause or other legal justification" to increase the number of discovery requests permitted under the federal rules. *Woodmen of the World Life Ins. Soc. v.*

---

[2] At the time of Defendants' filing, the time for responding to these requests had not run. (ECF No. 74, ¶4).

*U.S. Bank. Nat. Ass'n*, No. 8:09cv407, 2012 WL 1637246, *1 (D. Neb. May 7, 2012). At this point, the Court finds that Edwards has not demonstrated good cause for propounding additional requests. Edwards has already propounded seventy-nine (79), which is far in excess of the number allowed under the Federal Rules. Edwards has not shown how these additional requests are necessary for him to litigate his case. Likewise, several of his requests seem to be too far afield from the crux of his litigation against Defendants. Therefore, the Court denies, without prejudice, Edwards' request for additional discovery requests. Edwards may submit additional requests for the Court's consideration, but Edwards must demonstrate (1) how such requested information is necessary to litigation his cause of action and (2) he has not previously requested such information from Defendants.

V.     **Motions to Compel**

Plaintiff filed a Motion for Final Request for Production of Documents and Discoveries (ECF No. 71) and Motion for an Order to Compel (ECF No. 72). In the Motion for Final Request of Production of Documents and Discoveries, Edwards requests that Defendants provide their responses to his first and second "requests for Production of Documents and Discoveries." (ECF No. 71). Likewise, the Motion for an Order to Compel, Edwards moves for Defendants "to answer fully Interrogatories/Request for Admissions, and Production of Documents & Discoveries along with his letters to Confer on 2/24/17[.]" (ECF No. 72). Edwards claims that Defendants refuse to answer. Plaintiff asks for $1,000 in sanctions. (ECF No. 72 at 2).

In response, Defendants assert that Edwards has failed to follow E.D.Mo. L.R. 3.04(A), which requires the movant to confer with the opposing counsel to before filing a motion to compel. (ECF No. 77 at 1-2). Also, Defendants assert that Edwards' motions to compel fail on the merits.

Defendants note that they provided their responses to Plaintiff's Second Interrogatories to Defendants Dashner and Ford on April 6, 2017. Defendants provided their answers to Plaintiff's Second Requests for Admissions to Defendants Dashner and Ford on March 28, 2017. Defendants provided their responses to Plaintiff's Second Request for Second Set of Productions of Documents and Discovery on April 12, 2017.[3] Therefore, Defendants claim that their responses and objections to Edwards' various discovery requests were timely and Edwards' motions, including the request for sanctions should be denied.

The Court holds that Edwards' motions to compel should be denied. Edwards has not shown that he complied with this District's meet and confer requirement. Further, Defendants have demonstrated that they timely responded to Edwards's discovery requests. As a result, the Court denies Edwards' motions to compel, including the request for sanctions.

**VI.     Motion for Order Compelling Discovery**

Edwards filed a Motion for Order Compelling Discovery (ECF No. 79). Edwards challenges Defendants' objections to Plaintiff's Second Request for Production of Documents and Discovery numbers 15, 16, 21, 22, 24, and 25 because the information sought is "important for the suit." (ECF No. 79, ¶5).

Defendants again note that Edwards did not attempt to meet and confer with Defendants regarding this discovery dispute, as required by E.D.Mo. L.R. 3.04(A). Defendants further argue that Edwards is not entitled to this information under the merits. Defendants objected to the requests numbers 16, 21, 22 and 24 for investigative reports because they are closed and confidential under Mo. Rev. Stat. §610.100.2, §217.410, and the Missouri Department of

---

[3] As of the date of Defendants' response, the time for responding to Plaintiff's Third Request for Production of Documents. (ECF No. 77, ¶5).

7

Corrections Policy D1-8.1. With regard to document request number 16, Defendants object to requests for Adult Internal Classification System records because they are closed and confidential under Missouri Department of Corrections Policy D1-11.2 and are internal documents related to institutional security under Mo. Rev. Stat. §217.075. (ECF No. 81, ¶3). With regard to request numbers 24 and 25, Defendants objected to requests that are beyond the scope of Rule 26(b)(1). (ECF No. 81, ¶¶3, 4). Defendants assert that request number 24 concerns Edwards' protective custody matters and documents created between August 20, 2015 and October 13, 2015. (ECF No. 79-1, at 8). Defendants maintain that this was not a part of Edwards' allegations against the Defendants. Likewise, Defendants aver that request number 25 concerns allegations of a violation whereby Julie Smith sanctioned Edwards and that sanction was entered in error by OSAK Johnson. (ECF No. 79-1 at 9). Defendants again assert that this event was not a part of Edwards' allegations against Defendants. (ECF No. 81 at 3).

The Court denies the Motion for Order Compelling Discovery. Defendants have demonstrated that the documents requested either have been produced, are privileged and/or confidential documents, or do not sufficiently relate to Edwards' claims in this lawsuit.

### VII. Motion for An Order Compelling Discovery

Edwards filed a Motion for an Order Compelling Discovery (ECF No. 86). Edwards moved the Court to produce documents in response to Edwards' Request for Production of Documents and Edwards' Third Request for Production of Documents. Edwards asserts that Defendants are refusing to produce a letter, with FCC IRR 14-1351 enclosed, that Edwards states he sent to the Warden on October 29, 2014. Edwards further complains that Defendants are

improperly refusing to produce documents, claiming "privilege," "closed," and "confidential." (ECF No. 86 at 3).

First, Defendants note that Edwards did not send any correspondence to defense counsel to attempt to resolve this discovery dispute before filing the Motion to Compel, in violation of E.D.Mo. L.R. 3.04(A). Defendants state that they mailed Edwards their Response to Edwards' Request for Production of Documents and Response to Edwards' Third Request for Production of Documents on April 28, 2017. (ECF No. 89, ¶2). Defendants state that they previously provided Edwards with copies of various letters that he wrote to the Warden, but that IRR FCC14-1351 was not included in any of the letters and there was not a letter from Edwards to Warden Villmer dated October 29, 2014. Defendants argue that they objected to Edwards' requests because they sought statements, communications, and emails made in preparation for litigation, as well as reports and statements made subsequent to the request providing proposed testimony, which are protected as attorney-client privilege and work product.

The Court holds that Edwards has not sufficiently supported his request for the Court to compel production of certain documents. First, the Court again instructs Edwards to meet and confer with Defendants' counsel in order to resolve the discovery disputes prior to filing a motion with the Court. E.D.Mo. L.R. 3.04(A). For this reasons alone, the Court holds that Edwards' Motion to Compel must be denied. In addition, the Court holds that Edwards' motion must be denied because Defendants have responded to Edwards' requests. The Court finds that Edwards' requests seek information that is protected by confidentiality, the attorney-client and/or work product privileges. Edwards has failed to show that Defendants' assertions of privilege are improper. Therefore, the Court denies Edwards' Motion to Compel.

### VIII. Amended Supplemental Memorandum and Motion for Emergency Ruling on Productions of Documents 1 & 2 and for Defendants to Produce the 10/29/2014 Letter Plaintiff Sent to Warden Tom Villmer (ECF No. 87) and

Edwards filed an Amended Supplemental Memorandum and Motion for Emergency Ruling on Productions of Documents 1 & 2 and for Defendants to Produce the 10/29/2014 Letter Plaintiff Sent to Warden Tom Villmer (ECF No. 87). Edwards argues that Defendant Dasher committed perjury in her Answers and Objections to Interrogatory number 19 of Edwards' 2nd Set of Interrogatories. Edwards claims that Defendant Dasher tried to make it seem as if Edwards did not file his IRR against her until after she issued the 10/30/2014 TASC Order and Conduct Violation against him. (ECF No. 87 at 1-2).

In response, Defendants note that Edwards failed to discuss this discovery dispute with Defendants' counsel prior to filing his motion, in violation of E.D.Mo. L.R. 3.04(A). In addition, Defendants again state that they produced all of Edwards' letters to the Warden, but there was no letter to Warden Villmer, dated October 29, 2014. (ECF No. 94 at 4). Defendants further state that a motion to compel is not the proper vehicle for claiming that Defendant Dasher committed perjury in her answer that IRR FCC-14-1351 was filed a week after Edwards was issued a conduct violation and placed on TASC.

The Court denies Amended Supplemental Memorandum and Motion for Emergency Ruling on Productions of Documents 1 & 2 and for Defendants to Produce the 10/29/2014 Letter Plaintiff Sent to Warden Tom Villmer (ECF No. 87). Defendants have unequivocally stated that they have no letter to Warden Villmer, dated October 29, 2014, and Edwards has provided no evidence to the contrary. In addition, a motion to compel is not the proper vehicle for obtaining this Court's review of Defendant Dasher's alleged perjury. Therefore, the Amended

Supplemental Memorandum and Motion for Emergency Ruling on Productions of Documents 1 & 2 and for Defendants to Produce the 10/29/2014 Letter Plaintiff Sent to Warden Tom Villmer (ECF No. 87) is denied.

### IX. Edwards' Supplemental Memorandum

In his Supplemental Memorandum (ECF No. 88), Edwards asks this Court to consolidate his case with Plaintiff Offender Gregory Thompson's lawsuit, *Gregory Thompson v. Tom Villmer, et al.*, No. 4:15cv1012 CAS or to assign Thompson's appointed attorney, Robin Polsinelli, as counsel for Edwards in this case. (ECF No. 88). Edwards also requests that this Court make an emergency ruling on Edwards' Memorandum for Clerk and Motion for Subpoenas Directed at State Senator Jamilah Nasheed's office. Edwards alleges that State Senator Jamilah Nasheed's office has affidavits from offenders who allegedly witnessed Offender Gregory Thompson being maced, handcuffed, and choked by Defendant Ford, which resulted in Offender Thompson going into cardiac arrest. (ECF No. 88 at 1). Edwards also requests that this Court appoint attorney Robin Polsinelli to represent him on this case.

The Court denies the request to consolidate this case with Offender Gregory Thompson's case. Other than similar defendants, Edwards has not provided any similarities between the two cases. Rule 42(a) states that a district court may consolidate separate actions when those "actions involv[e] a common question of law or fact." Fed.R.Civ.P. 42(a); *see Seguro de Servicio de Salud v. McAuto Sys. Group,* 878 F.2d 5, 8 (1st Cir.1989) ("The threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law."); *see also Frazier v. Garrison I.S.D.,* 980 F.2d 1514, 1531 (5th Cir.1993) ("[A] trial court may consolidate multiple actions if the actions involve common questions of law or fact."); *Fleishman v. Prudential–Bache*

*Sec.*, 103 F.R.D. 623, 624 (E.D.Wis.1984) ("There must be questions of law or fact common to the cases that are to be consolidated...."); *Enterprise Bank v. Saettele*, 21 F. 3d 233 (1994). Because no common issue of fact or law has been identified, the Court denies this motion. Edwards' allegations of retaliation against Defendants Dashner and Ford do not allege any common questions of fact or to law to that of Offender Gregory Thompson's claims. The Court denies Edwards' request to appoint Robin Polsinelli as his counsel in this case. For the reasons stated previously herein, the Court does not believe that appointment of counsel is necessary. Edwards has demonstrated that he can litigate this action without the assistance of counsel. However, the Court also grants Edwards' requests for subpoena duces tecum directed to State Senator Jamilah Nasheed's office, but only as to documents that relate to Edwards' allegations that Defendants harassed, threatened and assaulted Edwards, not any other inmate. The Court holds these documents are relevant to Edwards' claims before this Court.

### X. Motion for Subpoenas

Edwards filed a Motion for Subpoenas (ECF No. 98). Edwards asks this Court to issue a Rule 45 subpoena duces tecum to the Director of the Missouri Department of Corrections, Anne Precythe. Edwards seeks a report or transcript regarding a call on December 3, 2014 from Edwards' wife to the Constituent Services Officer, Chris Neiman, regarding Edwards being harassed by Defendants. Edwards also seeks an alleged directive issued by the Director's Office, stating that Defendant Dashner is not to interview Edwards on any IRR that Edwards filed against her. (ECF No. 98 at 1). Edwards also seeks a transcript of an alleged telephone call between Edwards and Antoinette Jackson on December 3, 2014, where Ms. Jackson allegedly stated that Defendant Dashner lied about Edwards threatening her. (ECF No. 98 at 2). Edwards also seeks

the transcript of a telephone call by Edwards to State Senator Jamilah Nasheed's office on December 17, 2014 and December 18, 2014, regarding alleged harassment by Defendant Ford and affidavits being reviewed by the legal department. (ECF No. 98 at 2). Edwards seeks a visit log-in sheet on December 12, 2014 and a "Sunday non-contact log-in sheet, locker, window" that Edwards and his wife Eilesha Willis-Edwards used and visitation video footage from December 26, 2014 and December 28, 2014 during contact and non-contact visits. Edwards seeks video footage dated December 11, 2014, December 12, 2014, December 16, 2014, December 26, 2014, and December 28, 2014. (ECF No. 98 at 2-3). Edwards also requests a letter dated October 29, 2014 by Edwards to Warden Villmer with IRR 14-1351 enclosed. Finally, Edwards requests reports, emails, or memoranda for processing IRR 14-1351.

The Court denies Edwards' Motion for Subpoenas because Edwards failed to comply with Local Rule 3.04(A) and try to meet and confer with defense counsel before filing this motion. The Court denies Edwards' request for a service of subpoena duces tecum on Anne Precythe because such request is frivolous. *Stockdale v. Stockdale*, No. 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009) ("Courts exercising inherent supervisory power over in forma pauperis subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case."). Edwards has not shown that Ms. Precythe has the documents identified by Edwards. In addition, the Court denies Edwards' Motion for Subpoenas and for other discovery requests because they are not relevant to the underlying case and because Defendants have already answered those requests. (ECF No. 100). Edwards did not allege in his Amended Complaint that his wife contacted the Constituent Services Officer on December 3, 2014 about Defendants

harassing Edwards or that he Director issue a directive to Defendant Dashner about interviewing Edwards. The Court holds that these matters do not pertain to the issue in this case of whether Defendants retaliated against Edwards. The Court holds that these documents requested are not proportional to the needs of the case and the issues are beyond the scope of Rule 26(b)(1). Defendants previously replied to Edwards' requests for video footage dated December 11, 2014, December 12, 2014, December 16, 2014, December 26, 2014, and December 28, 2014, and notified Edwards that such video footage does not exist. (ECF No. 100 at 6). Defendants previously responded to Edwards' request for a letter dated October 29, 2014 by Edwards to Warden Villmer with IRR 14-1351 enclosed. (ECF No. 100 at 6). Likewise, Defendants previously produced Offender IRR, Grievance Appeal with Edwards' attachments, responses, and supporting inter-office communications and documents for FCC 14-1351. Edwards' Motion for Subpoena is denied. However, Court grants Edwards' discovery directed to State Senator Jamilah Nasheed's office, but only as to documents that relate to Edwards' allegations that Defendants harassed, threatened and assaulted Edwards, not any other inmate. The Court holds these documents are relevant to Edwards' claims before this Court.

### XI.     Memorandum for Clerk

In Edwards' Memorandum for Clerk, Edwards asks this Court to issue a Rule 45 subpoena duces tecum to State Senator Jamilah Nasheed's Chief of Staff Jason L. Groce; Director of the Missouri Department of Corrections, Anne Presythe, and Blake Lawrence. (ECF No. 102). Edwards seeks from Jason L. Groce any and all information, documentation, memoranda, inter-office communications, discussions, investigations, and complains related to affidavits regarding Defendant Ford allegedly harassing, threatening, and assaulting Edwards and two other

offenders. (ECF No. 105 at 2). Edwards seeks documents from Missouri Department of Corrections Director Anne Precythe, which is duplicative of his prior requests to her. Finally, Edwards subpoenaed documents from Blake Lawrence, a former employee of Jamilah Nasheed.

The Court denies Edwards' Memorandum for Clerk, in part. Edwards again failed to comply with Local Rule 3.04(A) and discus this matter with opposing counsel before filing his Motion; in the future, the Court will deny Edwards' motions on this basis alone. The Court, however, will allow Edwards to obtain discovery from Mr. Groce for any documents regarding Defendant Ford allegedly harassing, threatening, and assaulting Edwards. The Court, however, finds the alleged incident involving the other two offenders not to be relevant and will not compel Mr. Groce to produce those documents. The Court also denies Edwards' subpoena to Ms. Precythe for the reasons outlined previously in its Order. Finally, the Court denies Edwards' subpoena to Mr. Lawrence. Edwards has not provided an address for Mr. Lawrence and his request is repetitive of the documents requested from Mr. Groce. Because the Court believes that Edwards will receive the relevant documents, if any, from Mr. Groce and because Mr. Lawrence no longer works for Senator Nasheed, the Court denies the subpoena duces to Mr. Lawrence.

## XII. Motion for an Order Compelling Discovery

Edwards filed a Motion for an Order Compelling Discovery (ECF No. 112). Edwards asks for Defendant to fully respond to Edwards' Fourth and Fifth Production of Documents. Edwards attaches a letter to defense counsel regarding the Third Production of Documents, which Edwards claims satisfies his meet and confer obligations.

The Court denies Edwards' Motion for an Order Compelling Discovery. Edwards failed to meet and confer with defense counsel regarding this production of documents in violation of

Local Rule 3.04(A). Further, the Court notes that Defendants sent their responses to Edwards' Fourth and Fifth Requests for Production of Documents. (ECF No. 115). Therefore, the Court denies Edwards' motion as moot.

### XIII. Motion for Failure to Disclose Under "Brady Law"

Edwards filed a Motion for Failure to Disclose Under "Brady "Law," which cites to *Brady v. Maryland*, 373 U.S. 83 S. Ct. 1194 (1963). (ECF No. 113). Edwards again argues that Defendants have not provided evidence related to telephonic monitoring and video recordings. Edwards requests that this Court order an investigation into the evidence being lost, destroyed or withheld in this case. (ECF No. 113 at 2).

The Court denies Edwards' Motion for Failure to Disclose Under "Brady Law." *Brady v. Maryland* requires a prosecutor to disclose potentially exculpatory evidence. *Brady* has no relation to civil law. Further, there is no evidence that any evidence is being withheld. As outlined repeatedly in his Order, Defendants have provided documents and explained why some documents have been withheld based upon privilege and/or confidentiality reasons. The Court finds no basis for an investigation and denies Edwards' motion in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Subpoenas (ECF Nos. 56, 57) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 59) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Initial Disclosure from Opposing Counsel before Filing a Motion to Compel (ECF No. 63) and Motion Requesting Initial Disclosure from Defendants Dashner and Defendant Ford (ECF No. 64) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Supplemental Memorandum Motion for Leave to File 25 More Requests for Admissions, Interrogatories, and Production of Documents and Discovery Requests (ECF No. 67) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Final Request [for] Full Disclosure List (ECF No. 68) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Final Request for Production of Documents and Discoveries (ECF No. 71) and Motion for an Order to Compel (ECF No. 72) are **DENIED**.

**IT IS FURTHER ORDERED** that Motion for Order Compelling Discovery (ECF No. 79) is **DENIED**.

**IT IS FURTHER ORDERED** that the Amended Supplemental Memorandum and Motion for Emergency Ruling on Productions of Documents 1 & 2 and for Defendants to Produce the 10/29/2014 Letter Plaintiff Sent to Warden Tom Villmer (ECF No. 87) and Supplemental Memorandum (ECF No. 88) are **GRANTED**, in part, and **DENIED**, in part. Defendants shall produce documents related to Defendants allegedly harassing, threatening, and assaulting Edwards within fourteen (14) days.

**IT IS FURTHER ORDERED** that Edwards' Motion for Subpoenas (ECF No. 98) is **GRANTED**, in part, and **DENIED**, in part. Defendants shall produce documents related to Defendants allegedly harassing, threatening, and assaulting Edwards within fourteen (14) days.

**IT IS FURTHER ORDERED** that Edwards' Memorandum for Clerk (ECF No. 102 is **GRANTED**, in part, and **DENIED**, in part.  **GRANTED**, in part, and **DENIED**, in part.  Jason Groce shall produce documents related to Defendant Ford allegedly harassing, threatening, and assaulting Edwards within fourteen (14) days.   The Memorandum for Clerk is denied in all other respects.

**IT IS FURTHER ORDERED** that Edwards' Motion for an Order Compelling Discovery (ECF No. 112) is **DENIED**.

**IT IS FURTHER ORDERED** that Edwards' Motion for Failure to Disclose Under Brady Law Violation (ECF No. 113) is **DENIED**.

**IT IS FINALLY ORDERED** that the Court will not permit Edwards to file any more discovery motions unless Edwards complies with E.D.Mo. L.R. 3.04(A), which requires the movant to confer with the opposing counsel to before filing a motion to compel.  Any motions filed by Edwards that do not include this certification will be denied without any further discussion.

Dated this 22nd day of June, 2017.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**