## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

LAWRENCE M EDWARDS,        )
                                        )
          Plaintiff,            )
                                        )
      v.                            )          No. 4:16CV1077 RLW
                                        )
TOM VILLMER, et al.,         )
                                        )
          Defendants.        )

## MEMORANDUM AND ORDER

This matter is before the Court on a number of motions pending before the Court. These matters are fully briefed and ready for disposition.

**I.     Supplemental Memorandum and Motion to Order Release of PREA Risk Assessment (ECF No. 82)**

Plaintiff Lawrence Edwards ("Edwards") requests that this Court grant his motion to order the release of PREA Risk Assessment documents. Defendants objected to producing these records because they are closed and confidential under the Missouri Department of Corrections policy D1-11.2 and are considered internal documents related to institutional security under Mo. Rev. Stat. §217.075. (ECF No. 85). In addition, Defendants note that Edwards failed to make a good faith attempt to resolve this discovery dispute before filing this Motion to Compel, as required under E.D.Mo. L.R. 3.04. The Court denies the Motion to Order Release of PREA Risk Assessment. The Court holds that these records are closed and confidential. Likewise, the Court denies the Motion because Edwards failed to satisfy the meet and confer requirement prior to filing this motion.

**II.    Edwards' Motion for an Order Compelling Discovery (ECF No. 86)**

Edwards moved this Court to order Defendants to produce documents in response to his Request for Production of Documents and Edwards' Third Request for Production of Documents. On April 28, 2017, Defendants sent their Response to Edwards' Request for Production of Documents and Response to Edwards' Third Request for Production of Documents and Discovery. (ECF No. 89). Edwards also did not attempt to resolve this dispute prior to filing his Motion to Compel in violation of E.D.Mo. L.R. 3.04. The Court denies the Motion to Compel because it appears that Defendants have provided the discovery to Edwards and because Edwards failed to comply with the mandatory meet and confer requirement.

### III. Edwards' Motion for Pretrial Disclosures (ECF No. 114)

Edwards states that Defendants objected to "monitored phones," "video footage," and "crucial documents" as being privileged, closed, and confidential. Edwards claims that he should receive this discovery to "establish the truth of a matter to be determined by the trier of fact." (ECF No. 114 at 1). Edwards also objects to "any excerpts or exhibits used from the June 8, 2017 deposition conducted on him which is substantive evidence that was not subject to discovery ..." [sic] (ECF No. 114 at 1). The Court denies the Motion for Pretrial Disclosures in full. Edwards failed to comply with E.D.Mo. L.R. 3.04 before filing this motion related to the parties' purported discovery disputes. Further, the Court holds that Edwards has not demonstrated that the requested discovery is relevant and proportional to his needs in this case. Additionally, the Court holds that Edwards' request that his deposition not be used against him is either premature or improper. Defendants can use Edwards' deposition for purposes of summary judgment and the Court will make a determination if it can be used at trial at a later date, if necessary.

### IV. Edwards' Motion for an Order Compelling Discovery and Extension of Time (ECF No. 116)

Edwards asks this Court to compel Defendants to produce their Response to Plaintiff's Fourth Final Request for Production of Documents (ECF No. 116 at 1). Edwards asserts that Defendants' "delay of the 30-day discovery deadline" caused Edwards to need an extension of time to review objections and confer with the Court. (*Id.*). Edwards claims that he has not received the responsive documents. (*Id.*). The Court denies Edwards' Motion to Compel because he failed to comply with E.D.Mo. L.R. 3.04 before filing this motion. Edwards mailed the meet and confer letter on the same date that he filed this Motion with the Court. Therefore, the Court holds that Edwards' efforts to meet and confer were not done in good faith, and the Court denies the Motion to Compel on this basis. The Court further holds that Defendants did not unnecessarily delay discovery production in this case because they mailed their Response to Plaintiff's Fourth Final Request for Production of Documents on June 9, 2017, prior to the June 17, 2017 close of discovery. The Court, therefore, denies Edwards' Motion to Compel.

## V. Edwards' Motion for an Order Compelling Discovery (ECF No. 123)

Edwards moved this Court to order Defendants to produce documents requested in Edwards' Third Request for Production of Documents. Edwards references his Motion for an Order Compelling Discovery (ECF No. 86), which was previously denied by this Court. The Court again holds that Edwards failed to comply with E.D.Mo. L.R. 3.04 before filing this motion. Edwards mailed the meet and confer letter on the same date that he filed this Motion with the Court. Therefore, the Court holds that Edwards' efforts to meet and confer were not done in good faith. The Court denies the Motion to Compel on this basis and because it previously denied his Motion for an Order Compelling Discovery (ECF No. 86).

## VI. Edwards' Motion for an Order to Compel Discovery (ECF No. 129)

Edwards asks this Court to Order Defendants to respond to his Fifth Final Production of Documents. Edwards claims that he did not received Defendants' response to Plaintiff's Fifth Final Request for Production of Documents when it was due. Edwards claims that Defendants "strategically mailed Plaintiff's Fifth Final Production of Documents knowing the weekend would expire the June 17, 2017 Discovery deadline, enabling Plaintiff no time to review and respond and mail his 'objections' to the Court." (ECF No. 129 at 2). Edwards asks this Court to reject Defendants' objections on this basis. The Court finds no evidence that Defendants sent Edwards their responses out of time or that such delay was motivated by a desire to obstruct the discovery process. Further, the Court holds that Edwards failed to comply with E.D.Mo. L.R. 3.04 before filing this motion and the Court also denies the Motion for an Order to Compel Discovery on this basis.

## VII.    Edwards' Motion for Leave of Court (ECF No. 137) and Edwards' Motion for Court Permission for Live Video Transmission (ECF No. 144)

In the Motion for Leave of Court, Edwards seeks leave of the Court for the testimony of the witness Antoinette Jackson. Edwards also asks that this Court add Ms. Jackson to his list of witnesses to be subpoenaed by ad testificandum if this case goes to trial. The Court holds that Edwards has not stated a sufficient basis to subpoena Ms. Jackson's deposition testimony, nor has he satisfied the procedural machinations necessary to secure her testimony, such as paying the witness and mileage fees. The Court does not address whether the Court will permit Edwards to subpoena Ms. Jackson for trial or if it will allow video transmission of her testimony because such requests are premature.

## VIII.    Edwards' Motion for an Order Compelling Discovery (ECF No. 145)

Edwards moves this Court to issue an order compelling Defendants to produce documents in response to Plaintiff's Request for Additional Discovery. (ECF No. 145). Edwards, however, fails to show that his requests are necessary to litigate this case or that he has not previously requested such material from Defendants. *See* ECF No. 130 at 6 (Court Order requiring such a showing prior to granting a motion to compel). Rather, the information sought seems to be duplicative of prior requests. The Court denies the Motion for an Order Compelling Discovery.

## IX. Edwards' Motion for Court Order for Settlement Conference (ECF No. 152)

Edwards asked this Court to order a settlement conference because he does not want Defendants misrepresenting the facts of this case or using other stalling tactics to prevent settlement. In response, Defendants stated that they have not been authorized to engage in settlement negotiations. (ECF No. 156). Because it appears that any settlement discussions would be futile, the Court denies the Motion for Court Order for Settlement Conference.

## X. Edwards' Motion for Appointment of Counsel (ECF No. 157)

Edwards requests appointment of counsel. This Court previously denied Edwards' requests for appointment of counsel. (ECF No. 130 at 3). The Court again denies Edwards' Motion for Appointment of Counsel. Edwards has demonstrated that he is capable of litigating this action and there are no new circumstances that warrant appointment of counsel. Further, any concern regarding trial in this case is premature.

## XI. Plaintiff's Withdrawal to Plaintiff's Supplemental Memorandum (Doc. No. 143) in Part, Withdrawal of Motion for Court Permission for Live Video Witnesses (Doc No. 144) as Plaintiff's Opposition to Defendants' Response to Deposition to Plaintiff's Motion for an Order Compelling Discovery (Doc. No. 145) and Plaintiff's Opposition to Defendants' Response to Opposition to Plaintiff's Letter to Confer (ECF No. 146) and Plaintiff's Request for Additional Discovery (ECF No. 146-1) (ECF No. 161)

It is unclear what relief Edwards seeks in this Motion. To the extent that Edwards seeks to withdraw his prior motions, such relief is granted and the Motions are deemed withdrawn.

## XII. Edwards' Supplemental Memorandum and Motion to Order Examination for Admissibility of Duplicates (ECF No. 164)

Edwards moves this Court to order the examination of documents attached to his Motion to determine whether the documents were forged. Edwards relies on Fed. R. Evid. 1003 to request that this Court make a finding regarding whether possibly forged duplicates will be admissible at trial. The Court denies this Motion, without prejudice, because it is premature. The Court will decide this issue, if necessary, prior to trial.

## XIII. Edwards' Motion for an Order Compelling Discovery (ECF No. 172)

Edwards filed his Motion for an Order Compelling Discovery on or around August 16, 2017. (ECF No. 172). Edwards asks Defendants to produce Plaintiff's Request for MDOC Grievance Management Update Appeal/Reprisal Report for FCC-14-1351. Defendants argue that Edwards' Motion to Compel should be denied as untimely because it was filed after the deadline for filing discovery motions. (ECF No. 174; *see also* ECF No. 55 (setting a June 17, 2017 deadline for filing motions to compel)). The Court agrees and denies Edwards' Motion to Compel as untimely. The Court also denies this request because it appears to be duplicative of prior requests.

## XIV. Edwards' Motion for Clerk and Memorandum for Subpoenas (ECF No. 173) and Edwards' Motion for Issuance of Subpoenas (ECF No. 189)

Edwards requests a blank subpoena duces tecum directed to Chief of State Jason L. Grice from State Senator Jamiah Nasheed's Office (ECF No. 173) and Edwards seeks six (6) authorized document subpoenas for service in this case. The Court, however, had previously given Edwards

instruction on how to serve a subpoena on Mr. Grice, including payment of witness and mileage fees. *See* ECF No. 159. Accordingly, the Court denies Edwards' Motion for Clerk because Edwards failed to satisfy the requirements for service of a subpoena on Mr. Grice or on any other witness.

**XV.    Edwards' Motion for Leave to Amend by Interlineation (ECF No. 193)**

Edwards asks this Court grant him leave to amend by interlineation the title of his response to Defendants' Motion for Summary Judgment to Plaintiff's Cross-Motion for Summary Judgment. Defendants note that the Case Management Order (ECF No. 55) required that all motions for summary judgment be filed no later than July 17, 2017, and this deadline was extended to August 31, 2017. (ECF Nos. 55, 167, 170). Edwards' "Affidavit in Opposition to Defendants' Motion for Summary Judgment" was filed on September 22, 2017. (ECF No. 185). Edwards did not seek leave for an extension of time to file a motion for summary judgment and Edwards' document indicated that it was a response to Defendants' Motion for Summary Judgment. Defendants assert that they would be prejudiced to change Edwards' document to a motion for summary judgment by interlineation. The Court agrees. The deadline for Edwards to file a Motion for Summary Judgment has passed and Defendants would be prejudiced if the Court were to construe Edwards' opposition as a Motion for Summary Judgment. The Court denies Edwards' Motion to Amend by Interlineation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Supplemental Memorandum and Motion to Order Release of PREA Risk Assessment (ECF No. 82), Motion for an Order Compelling Discovery (ECF No. 86), Motion for Pretrial Disclosures (ECF No. 114), Motion for an Order

Compelling Discovery and Extension of Time (ECF No. 116), Motion for an Order Compelling Discovery (ECF No. 123), Motion for an Order to Compel Discovery (ECF No. 129), Motion for Leave of Court (ECF No. 137), Motion for Court Permission for Live Video Transmission (ECF No. 144), Edwards' Motion for an Order Compelling Discovery (ECF No. 145), Motion for Court Order for Settlement Conference (ECF No. 152), Edwards' Motion for Appointment of Counsel (ECF No. 157), Supplemental Memorandum and Motion to Order Examination for Admissibility of Duplicates (ECF No. 164), Motion for an Order Compelling Discovery (ECF No. 172), Motion for Clerk and Memorandum for Subpoenas (ECF No. 173), Motion for Issuance of Subpoenas (ECF No. 189), and Motion for Leave to Amend by Interlineation (ECF No. 193) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Withdrawal to Plaintiff's Supplemental Memorandum (Doc. No. 143) in Part, Withdrawal of Motion for Court Permission for Live Video Witnesses (Doc No. 144) as Plaintiff's Opposition to Defendants' Response to Deposition to Plaintiff's Motion for an Order Compelling Discovery (Doc. No. 145) and Plaintiff's Opposition to Defendants' Response to Opposition to Plaintiff's Letter to Confer (ECF No. 146) and Plaintiff's Request for Additional Discovery (ECF No. 146-1) (ECF No. 161) is **GRANTED**.

Dated this 17th day of November, 2017.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**